1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    DAVID EBERT, et al.,

11                              Plaintiffs,

12                    v.

13    TRAVELERS INDEMNITY
       COMPANY,

14
                               Defendant.

15

CASE NO. C13-1268JLR

ORDER DENYING MOTION TO
REMAND

16          Before the court is Plaintiffs David and Michelle Ebert's motion to remand.  (Mot.

17    (Dkt. # 9).)  The Eberts ask the court to remand this case to King County Superior Court,

18    contending that Defendant Travelers Indemnity Company ("Travelers") did not remove

19    in a timely manner.  (Mot. at 1.)  The Eberts argue that Travelers did not remove the case

20    until more than 30 days after the date the complaint was served on Travelers' statutory

21    agent, the Office of the Insurance Commissioner ("OIC").  (Id. at 3-4.)  In response,

22    Travelers argues that the 30-day removal period did not begin to run until Travelers

ORDER- 1

1   actually received a copy of the complaint, and that removal is timely when the 30-day

2   period is calculated from that date.  (*Id.* at 1-2.)  For the reasons explained below,

3   Travelers is correct and, accordingly, the court DENIES the Eberts' motion to remand.

4   **I.    BACKGROUND**

5       This is an insurance dispute.  In April 2010, a fire caused property damage to the

6   Eberts' home.  (Compl. (Dkt. # 1-2) ¶ 3.2.)  The Eberts submitted a claim for insurance

7   benefits under their homeowner's policy—a Travelers policy—but were not satisfied

8   with the "settlement offer" they received from Travelers.  (*Id.* ¶¶ 3.3-3.5.)  They brought

9   this action against Travelers in King County Superior Court, alleging breach of contract,

10  violations of the Washington Administrative Code, violations of the Consumer Protection

11  Act, and bad faith.  (*Id.* ¶¶ 4.1-7.2.)

12      The Eberts did not serve a copy of the complaint directly on Travelers, but instead

13  served the OIC.  (Watkins Decl. (Dkt. # 9) Ex. 1.)  In Washington, the OIC is appointed

14  by statute to accept service on behalf of foreign insurance companies.  *See* RCW

15  48.02.200; 48.05.070(d).  Indeed, foreign insurance companies are required by statute to

16  accept this arrangement, RCW 48.05.070(d), and Travelers did.  (Watkins Decl. ¶ 4.)

17  The Eberts took advantage of these statutory provisions and served a copy of their

18  summons and complaint on the OIC on June 17, 2013.  (Watkins Decl. Ex. 1.)  However,

19  Travelers did not receive a copy of the summons and complaint until June 20, 2013.

20  (Plocharczyk Decl. (Dkt. # 11) ¶ 3, Ex. B.)

21      Travelers removed the case to this court on July 18, 2013, invoking the court's

22  diversity jurisdiction.  (Not. of Removal (Dkt. # 1) at 1-2.)  The timing of removal is not

ORDER- 2

1    disputed.  (*Compare* Mot. at 1-2 *with* Resp. (Dkt. # 10) at 2.)  Thus, it is also undisputed

2    that Travelers removed the case 31 days after the Eberts served the summons and

3    complaint on the OIC and 29 days after Travelers actually received the summons and

4    complaint.  (*Compare* Not. of Removal at 1 *with* Watkins Decl. Ex. 1 *and* Plocharczyk

5    Decl. ¶ 3, Ex. B.)

6         The Eberts filed this motion to remand, arguing that removal was untimely.  (*See*

7    Mot.)  Travelers filed a response arguing that it is well-settled that, when service is on a

8    statutory agent like the OIC, the time period for removal begins to run not with service on

9    the statutory agent but when the defendant actually receives the complaint.  (*See* Resp.)

10   The Eberts did not file a reply.  (*See* Dkt.)

## II.   ANALYSIS

12        Under 28 U.S.C. § 1446, removal is timely only if it occurs within 30 days "after

13   the receipt by the defendant, through service or otherwise," of the complaint:

14       The notice of removal of a civil action or proceeding shall be filed within
         30 days after the receipt by the defendant, through service or otherwise, of a
15       copy of the initial pleading setting forth the claim for relief upon which
         such action or proceeding is based, or within 30 days after the service of
16       summons upon the defendant if such initial pleading has then been filed in
         court and is not required to be served on the defendant, whichever period is
17       shorter.

18   28 U.S.C. § 1446(b)(1).  Here, whether removal was timely depends on when the 30-day

19   removal period began to run.  The Eberts argue, with no citation to authority, that the 30-

20   day period "was triggered when the Eberts' Summons and Complaint was served on the

21   OIC (on Travelers' behalf), on June 17, 2013," not when Travelers actually received the

22   summons and complaint.  (Mot. at 3.)

ORDER- 3

1    The "vast majority" of courts that have considered this question have taken the

2  opposite view.  *See Burton v. Continental Cas. Co.*, 431 F. Supp. 2d 651, 653 (S.D. Miss.

3  2006) (listing cases and concluding that the "vast majority" of federal courts have held

4  that the removal period begins to run when the defendant actually receives the complaint,

5  not when the statutory agent is served).  In its opposition papers, Travelers cites nearly

6  twenty cases in which federal district courts have held that, when service is made on a

7  statutory agent such as an insurance commissioner, the removal period does not begin to

8  run until the defendant actually receives the complaint.  (*See* Resp. at 3-4.)  For example,

9  in *Burton*, a district court in the Southern District of Mississippi held that the 30-day

10 removal period is triggered not by service on the Mississippi insurance commissioner, but

11 by actual receipt of the complaint by the defendant insurance company.  431 F. Supp. 2d

12 at 656.  Likewise, in *Auguste v. Nationwide Mutual Insurance Co.*, a district court in the

13 Eastern District of New York reached the same result, holding that actual receipt by the

14 defendant, and not service on the insurance commissioner, triggered the removal period.

15 90 F. Supp. 2d 231, 232-33 (E.D.N.Y. 2000).  That court explained the rationale behind

16 this rule:

17         The rationale behind this line of cases is that a defendant can make a
           decision to remove only after examining the complaint; if the removal
18         period began running upon receipt of the complaint by the statutory agent,
           "the privilege of a defendant to remove could be easily curtailed or
19         abrogated completely."

20 *Id.* at 233 (quoting *Benson v. Bradley*, 223 F. Supp. 669, 672 (D. Minn. 1963)).  Many

21 more cases have reached this same result.  *See, e.g.*, *Wilbert v. Unum Life Ins. Co.*, 981 F.

22 Supp. 61, 63 (D.R.I. 1997); *Taphouse v. Home Ins. Co.*, 885 F. Supp. 158, 161 (E.D.

ORDER- 4

Mich. 1995); *Skidaway Assocs. Ltd. v. Glens Falls Ins. Co.*, 738 F. Supp. 980, 982 (D.S.C. 1990).

It must be acknowledged that no federal circuit courts have addressed this question (only district courts), and that federal district courts are not completely unanimous.  *See, e.g.*, *Bodden v. Union Oil Co. of Cal. & Life Ins. Co. of N. Am.*, 82 F. Supp. 584 (E.D. La. 1998).  However, these cases have been heavily criticized, *see, e.g.*, *Burton*, 431 F. Supp. 2d at 653-55, and today the "overwhelming majority" of courts have answered this question in favor of starting the removal period upon actual receipt by the defendant, *id.* at 656.  As one treatise said in the context of nonresident motorist statutes, this once-open question has now been answered:

> At one time it was not clear whether service on a statutory agent, such as a Secretary of State (or comparable state official) designated by a nonresident motorist statute, was sufficient to commence the time period for removal; cases reached different conclusions as to the sufficiency of this form of substituted service.  Realistically speaking, of course, statutory agents are not true agents but merely are a medium for transmitting the relevant papers.  Accordingly, it now appears to be settled law that the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service.

14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3731 (4th ed. 2013).

In light of the above, the court sides with the "overwhelming" weight of authority, *see Burton*, 431 F. Supp. 2d at 656, and calculates the removal period from the date Travelers actually received the summons and complaint:  June 20, 2013.  (*See* Plocharczyk Decl. ¶ 3, Ex. B.)  Travelers filed its notice of removal 29 days later on July

1    18, 2013—within the 30 day removal period. (Not. of Removal at 1-2.)   Accordingly,

2    removal was timely and the Eberts' motion to remand is DENIED.

3                        **III.    CONCLUSION**

4         For the foregoing reasons, the court DENIES the Eberts' motion to remand (Dkt.

5    # 9).

6         Dated this 10th day of September, 2013.

7

8

9    _____

10   JAMES L. ROBART
     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 6